CAREY et ux. v. H. D. TAYLOR LUMBER CO.   (No. 6838.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1922.)

Appeal and error ⬳757(3), 758(2)—Assignments of error complaining of use of estimate and account not considered where brief shows no objection and does not identify exhibit.

Assignments of error complaining of the use as evidence of a certain estimate and a certain account marked Exhibit B, without the identity thereof being disclosed by the brief, and without the brief disclosing whether they were objected to and whether bills of exception were taken, will not be considered.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by the H. D. Taylor Lumber Company against W. E. Carey and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

A. L. Lewis and Grover Reid, both of Harlingen, for appellants.

Wm. S. West, of Brownsville, and DuVal West, Jr., of Harlingen, for appellee.

FLY, C. J. This is a suit instituted by appellee against W. E. Carey and Adella Carey, his wife, to recover on a certain promissory note and to foreclose a lien for material furnished appellants. It was alleged that the note was jointly executed, and that it was given in part payment for material furnished by appellee to appellants for improvements made on a certain parcel of land in the town of Harlingen, being block No. 114 in said town. The court heard the cause without a jury, and rendered judgment in favor of appellee for the sum of $3,262.30, and foreclosure of the lien for $1,273.18 on the land described.

The facts disclose that appellants executed a promissory note to appellee on May 13, 1920, for $3,800.87, due 90 days after date. On the same date appellants entered into a contract with appellee in which it was recited that appellants desired to erect a residence on town block 114 in Harlingen, and appellee had agreed to furnish material for same in the sum of $3,800.87, and to secure the payment of said sum appellants gave a lien on said property and the house to be erected thereon. The contract was signed and acknowledged by the parties thereto; the privy acknowledgment of Mrs. Carey being taken

as required by law. The contract was executed after a portion of the material had been furnished and the lien was foreclosed to secure the payment of that portion of the material which was furnished after the contract had been executed. The material furnished before the contract was signed was furnished at the instance and request of appellants, and all of the material was furnished and used in the construction of the residence for appellants.

The first and second assignments of error will be overruled. They state that appellants objected to the use as evidence of a certain estimate and a certain account marked Exhibit B. What that estimate and account were is not disclosed by the brief, and, if they were objected to and bills of exception taken to them, appellants do not mention it. There is only one reference to a page of the record, under the assignments of error, and this court is not called upon to search the record to ascertain the subject of assignments of error.

The third assignment complains of some contract known as Exhibit 5, but it is not set out in the brief, and no attempt made to state its substance or in any wise to identify it. The assignment is overruled.

The evidence was sufficient to show material of the value of $1,989.12 was furnished to appellants after the execution of the contract, which was executed so as to fix a lien on a homestead under the law. The lien was not foreclosed for any except material furnished after the execution of the contract. The fourth and fifth assignments of error are overruled.

The judgment is affirmed.